FILED

JAN 16 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHNSON NAPITULPULU,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-71673

Agency No. A095-634-743

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Johnson Napitulpulu, a native and citizen of Indonesia, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to

reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for an

abuse of discretion the BIA's denial of a motion to reconsider.  *Cano-Merida v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*INS*, 311 F.3d 960, 964 (9th Cir. 2002). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Napitulpulu's contentions related to asylum and equitable tolling of the one-year filing requirement because he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We do not consider the 2010 U.S. Department of State International Religious Freedom Report for Indonesia that Napitulpulu attached to his opening brief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record).

The BIA did not abuse its discretion in denying Napitulpulu's motion to reconsider his withholding of removal claim in light of this court's disfavored group cases because Napitulpulu did not demonstrate sufficient individualized risk to show it is more likely than not he would be persecuted in Indonesia. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *Wakkary v. Holder*, 558 F.3d 1049, 1066 (9th Cir. 2009) ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant"). We reject Napitulpulu's requests that the court reconsider its stance regarding a pattern or practice of persecution or require the agency to revisit the issue in light of the 2010 religious freedom report.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

10-71673